IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY DEWITT HUNTER,

    Plaintiff,                    No. CIV S-09-3504 MCE DAD P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1981.[1] This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1). Before the court is plaintiff's June 17, 2010 amended complaint[2], his request to proceed in forma pauperis, and several other motions, including requests for the appointment of counsel.

---

    [1] Title 42 U.S.C. § 1981(a) provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."

    [2] Because plaintiff has filed an amended complaint, that amended complaint supercedes the original complaint, filed on December 18, 2009. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. In addition, plaintiff may not file any further amended complaints without leave of court. <u>See</u> Fed. R. Civ. P. 15(a).

1

## I. Request to Proceed In Forma Pauperis

Plaintiff's April 7, 2010 in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement and Deficiencies

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, there are several deficiencies with plaintiff's amended complaint. First, plaintiff has not stated a cognizable claim under 42 U.S.C. § 1981. Plaintiff has not alleged that due to racial discrimination he has been unable to enforce a contract, to sue, or to give evidence. Instead, based on the allegations in his amended complaint, it appears that plaintiff is attempting to allege claims under the Civil Rights Act.

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Under the Civil Rights Act, plaintiff may pursue claims based on violation of specific amendments of the U.S. Constitution. Therefore, plaintiff's amended complaint will be dismissed and plaintiff will be granted leave to file a second amended complaint.

Second, the allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as

required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id.

In his second amended complaint, plaintiff must provide the following allegations with respect to each claim he is attempting to present: (1) a brief description of the type of claim being brought, such as a claim of inadequate medical care, violation of the Americans With Disabilities Act, or discriminatory treatment, (2) the Constitutional amendment or federal statute on which his claim is based, (3) the name of each defendant, job title, and where defendant works, and (4) specific factual allegations showing the involvement of each defendant, critical dates, and description as to how plaintiff's rights were violated. Plaintiff is advised that his long narrative, titled "Statement of Claim" does not satisfy these pleading requirements. The court is unable to determine what specific claims relate to plaintiff's factual allegations Therefore, plaintiff will be ordered to use the form complaint provided by the court. If he elects to file a second amended complaint, plaintiff must answer each question on the form complaint.

Third, plaintiff is advised that the court will not entertain an action where plaintiff seeks relief beyond the authority of the court. For instance, in his amended complaint plaintiff seeks the criminal prosecution and removal of unnamed officers from their positions. This request for relief should not be renewed in any second amended complaint plaintiff elects to file since the court has no authority to grant such relief in this civil rights action. Plaintiff should tailor his request for relief to his alleged injuries.

III. Legal Standards

Above, the court has provided plaintiff with the text of 42 U.S.C. § 1983. Plaintiff is also advised that with respect to any claim brought under the Americans with Disabilities Act (ADA), plaintiff must allege facts demonstrating that (1) he is a qualified

4

individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. Lovell v. Chandler, 303 F.3d 1039, 1052-53 (9th Cir. 2002). In his amended complaint, it is not clear what services, programs or activities plaintiff contends he did not receive. Plaintiff is also advised that the proper defendant in a claim brought under the ADA is the public entity responsible for the alleged discrimination, or the correctional facility. An individual defendant is not a proper defendant for such a claim.

To the extent he is attempting to state a claim of inadequate medical care in violation of his rights under the Eighth Amendment, plaintiff is advised as follows. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a

serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

IV. Requests for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

(9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.[3]

V. Plaintiff's Other Filings

On January 28, 2010, plaintiff filed a document requesting that the court order prison officials to provide the necessary documents for him to proceed in forma pauperis. (Doc. No. 8.) Because the court will grant plaintiff leave to proceed in forma pauperis, the request will be denied as moot.

On February 19, 2010 and March 15, 2010, plaintiff filed documents requesting a court order. However, it is not clear from those filings what relief plaintiff seeks or the circumstances necessitating such a court order. (Docs. No. 9 & 10.) Therefore, plaintiff's requests will be denied. To the extent that plaintiff was attempting to provide additional allegations in support of his amended complaint through these filings, he may incorporate those allegations in his second amended complaint.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 7, 2010 application to proceed in forma pauperis (Doc. No. 13) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint, filed June 17, 2010, is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the

---

[3] Plaintiff filed three requests for the appointment of counsel on June 17, 2010. (Doc. Nos. 15-17.) Although the three documents make the same request for appointment of counsel, they were separately filed by the Clerk of Court because each document did not include the same exhibits.

Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff shall use the form complaint provided by the court and answer each question in the form; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

    5.  Plaintiff's June 17, 2010, requests for appointment of counsel (Doc. Nos. 15, 16 & 17) are denied;

    6.  Plaintiff's January 28, 2010 motion for a court order in regards to his in forma pauperis application (Doc. No. 8) is denied as moot; and

    7.  Plaintiff's February 19, 2010 and March 15, 2010 motions for a court order (Doc. Nos. 9 & 10) are denied.

DATED: June 28, 2010.

              _____
               DALE A. DROZD
               UNITED STATES MAGISTRATE JUDGE

DAD:4
hunt3504.14+